IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**GLORIA RICHEY**                                                                            **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO:** 1:23-CV-117-SA-DAS

**TOYOTA BOSHOKU MISSISSIPPI, LLC**                                   **DEFENDANT**

                                                                                                       **JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW**, Gloria Richey, by and through counsel, and files this Complaint against the Toyota Boshoku America, Inc. Plaintiff would respectfully show unto the Court as follows:

### I. THE PARTIES

1. Plaintiff, Gloria Richey, is an adult resident citizen of Lee County, Mississippi.

2. Defendant Toyota Boshoku Mississippi, LLC is a Mississippi limited liability company. Toyota Boshoku Mississippi, LLC may be served with process by service upon its registered agent, C. T. Corporation System, 645 Lakeland East Drive Ste 101, Flowood, MS 39232.

### II. JURISDICTION

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Court is the exclusive jurisdiction for this action against a private employer pursuant to 38 U.S.C. § 4323(b).

4. Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. §1391, since substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## III. FACTS

5. Plaintiff, Gloria Richey ("Plaintiff") was employed by Defendant Toyota Boshoku Mississippi, LLC ("Defendant") beginning in approximately February 2020. Richey worked in Defendant's facility in Itawamba County, Mississippi.

6. Richey was a good employee. Richey performed her job in an exemplary manner.

7. Richey is a member of the Mississippi Army National Guard and has served since approximately 2007. Richey admirably serves in the National Guard serving as a construction engineer enlisted woman.

8. As part of her duties in the Army National Guard, Richey is required to attend periodic drill and annual trainings.

9. In 2022, Richey was instructed to give a schedule of drills to her supervisor. Richey did so.

10. Notwithstanding this, Richey was written up for missing work to attend drill as scheduled. While Richey was disciplined, she was not terminated on this occasion.

11. Richey was scheduled for annual training with the Army National Guard from July 10 until August 6, 2023, at the Camp McCain Training Center. Plaintiff informed Defendant of this obligation.

12. Rather than allow Richey to be off work for annual training, Defendant terminated Richey on June 30, 2023.

13. Defendant contrived a pretextual reason for the termination. Defendant claimed Richey had missed a day of work in March 2023, some three (3) months prior.

14. The reason Defendant fired Richey on June 30, 2023, had nothing to do with an alleged absence in March. The real reason Defendant terminated Richey was Richey's military service

obligations and the upcoming annual training obligation.

15. Defendant discriminated against Richey based on her military status and service obligations, and denied her continued employment because of said status and obligations.

## IV. VIOLATION OF USERRA

16. Plaintiff incorporates by reference the allegations contained in paragraphs 1-15.

17. Plaintiff was protected at all relevant times by the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4311 *et seq*.

18. Plaintiff's protected status as a service-member was a motivating factor for Plaintiff's termination.

19. Plaintiff's absence from work from July 10, 2023 until August 6, 2023, was inconvenient to Defendant. Defendant had no legitimate business reason to fire Plaintiff, but willfully fired Plaintiff to replace her with a person with no military service obligations.

20. Defendant's justification for Plaintiff's termination is a pretext.

21. Defendant is liable to Plaintiff for violations of USERRA.

## V. DAMAGES

22. Plaintiff demands the following damages from Defendant:

    a. Lost wages;

    b. Reinstatement, or alternatively, front-pay;

    c. Liquidated damages;

    d. Reasonable attorneys' fees and costs.

23. Plaintiff demands trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant for compensatory damages in an amount to be determined by a jury, for reasonable

3

attorneys' fees and for reinstatement, or alternatively, front-pay. Plaintiff further demands such other and more general relief to which she is entitled.

**RESPECTFULLY SUBMITTED**, this the 5th day of September, 2023.

                              **MCLAUGHLIN LAW FIRM**

By:    /s/ R. Shane McLaughlin
        R. Shane McLaughlin (Miss. Bar No. 101185)
        347 North Spring Street
        P.O. Box 200
        Tupelo, Mississippi 38802
        Telephone: (662) 840-5042
        Facsimile: (662) 840-5043
        rsm@mclaughlinlawfirm.com

        **ATTORNEY FOR PLAINTIFF**